Dear Mr. Morrell:
As Clerk of Criminal District Court for Orleans Parish, you have formally requested an Attorney General Opinion on the following issue:
Whether or not a Clerk of Court can use monies from the Clerk's evidence room while she was in office to pay attorney's fees for defense of a contempt of court charge while serving as Clerk?
In response to your inquiry, we offer the following observations:
Money that is seized in connection with investigations and state court prosecutions of suspected violations of the Controlled Dangerous Substances Law can only be accessed and used by certain criminal justice agencies in two instances. The first situation is codified as the "Seizure and Controlled Dangerous Substances Property Forfeiture Act," La.R.S. 40:2601, et seq. This Act spells out exactly when and how money seized in connection with an investigation of an illegal narcotic operation may be forfeited and then expended.
The District Attorney has the authority under this Act to seek from the District Court the forfeiture of property properly seized in drug cases upon proof of certain elements. See
La.R.S. 40:2608-2615. If a forfeiture order is obtained, La.R.S. 40:2616 dictates that forfeited money may only be used in the following manner by the designated entities and only for the specified purposes: *Page 2 
 § 2616. Allocation of forfeited property; creation of special funds; reporting
A. (1) Except as provided in Paragraph (2) of this Subsection, when property is forfeited under the provisions of this Chapter, the district attorney shall authorize a public sale or an auction sale conducted by a licensed auctioneer without appraisal of that which is not required by law to be destroyed and which is not harmful to the public. The proceeds of any sale and any monies forfeited or obtained by judgment or settlement under this Section shall be deposited in the Special Asset Forfeiture Fund as established herein until disposed of pursuant to court order.
(2) If the property seized is a motor vehicle, the seizing agency may retain use of the motor vehicle for use in the course and scope of undercover surveillance and investigation of violations of the Louisiana Controlled Dangerous Substances Law. All other property forfeited under the provisions of this Chapter shall be sold as provided in Paragraph (1) of this Subsection.
B. A Special Asset Forfeiture Fund is hereby established within the Special District Attorney Asset Forfeiture Trust Fund. All monies obtained under the provisions of this Chapter shall be deposited in the fund. The court shall ensure the equitable distribution of any forfeited property, or of monies under and subject to the provisions of this Subsection, to the appropriate local, state, or federal law enforcement agency so as to reflect generally the contribution of that agency's participation in any of the activity that led to the seizure or forfeiture of the property or deposit of monies under and subject to the provisions of this Subsection. The office of the district attorney shall administer expenditures from the fund. The fund is subject to public audit. Money in the fund shall be distributed in the following order of priority:
(1) For satisfaction of any bona fide security interest or lien.
(2) Thereafter, for payment of all proper expenses of the proceedings for forfeiture and sale, including expenses of seizure, maintenance of custody, advertising, and court costs.
(3) The remaining funds shall be allocated as follows: *Page 3 
(a) Sixty percent thereof to the law enforcement agency or agencies making the seizure, such proceeds to be used in drug law enforcement, including but not limited to reward programs established by such agencies.
(b) Twenty percent thereof to the criminal court fund.
(c) Twenty percent thereof to any district attorney's office that employs the attorneys that handle the forfeiture action for the state. This shall be paid into the district attorney's twelve percent fund to be used for public purposes including, but not limited to use for prosecution, rewards, support and continuing legal education in furtherance of this Chapter, and in regard to Chapter 4 of Title 40 of the Louisiana Revised Statutes of 1950.
The second instance in which monies in evidence can be used is codified under La.R.S. 15:32. Under this statute, "Whenever any money used as evidence of a crime in criminal cases and thereafter deposited with the clerk of the district court is not disposed of by the district attorney or the district judge within five years after final disposition of the case, the clerk of the district court shall remit all of such funds to the governing authority of the parish to be placed to the credit of the general fund of the parish." It should be noted that although the statute does not explicitly define "final disposition of the case", this term is generally construed to include disposition through guilty plea, conviction after trial, and any subsequent direct appeal, but would not include proceedings involving requests for post-conviction relief.
Money seized in connection with investigations and state court prosecutions of alleged violations of the controlled substances law is thus only subject to forfeiture and distribution to designated criminal justice agencies for specified uses pursuant to the Seizure and Controlled Dangerous Substances Property Forfeiture Act and La.R.S. 15:32. These procedures would not result in any seized drug money being distributed to the clerk of court for his or her official use. We could find no provision of law that would authorize a clerk of court to unilaterally use money seized in connection with investigations and prosecutions of alleged illegal drug activity for the payment of the clerk's attorney fees incurred in the defense of contempt of court charges brought against the clerk.
It is therefore the opinion of this office that a Clerk of Court may not use monies seized in drug investigations and held in the Clerk's evidence room to pay his or her attorney's fees incurred in the defense of contempt of court charges. *Page 4 
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Yours truly,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY: __________________________ MATTHEW B. DERBES Assistant Attorney General Criminal Division
JDC/MBD